UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TRACEY K. RANDALL,

        Plaintiff,

  v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,[1]

        Defendant.

CASE NO. C16-05578 BHS

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION

## I. BASIC DATA

Type of Benefits Sought:

    (  ) Disability Insurance

    (X) Supplemental Security Income

Plaintiff's:

    Sex: Male

---

[1] Nancy A. Berryhill is now the Acting Commissioner of the Social Security Administration. Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted for Carolyn W. Colvin as defendant in this suit. The Court directs the clerk to update the docket, and all future filings by the parties should reflect this change.

ORDER - 1

Age: 39

Principal Disabilities Alleged by Plaintiff: Temporal lobe epilepsy, rheumatoid arthritis, degenerative disc disease/radiculopathy, attention deficit disorder, bipolar disorder, depression, personality disorder, paranoia, seizures

Principal Previous Work Experience: Cook, mover, fast food worker, custodian, warehouse worker, and laborer

## II. PROCEDURAL HISTORY—ADMINISTRATIVE

Before ALJ Joanne E. Dantonio:

   Date of Hearing: September 9, 2015; hearing transcript AR 989-1043

   Date of Decision: March 1, 2016

   Appears in Record at: AR 961-80

   Summary of Decision:

   The claimant has not engaged in substantial gainful activity since March 3, 2009, the application date.  The claimant has the following severe impairments: attention deficit hyperactivity disorder ("ADHD"), bipolar disorder, generalized anxiety disorder, personality disorder, and lumbar and cervical spine degenerative disc disease.  The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

   The claimant has the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 416.967(b) including lifting 20 pounds occasionally and ten pounds frequently; never climbing ladders, ropes, or scaffolds; and only occasional stooping, kneeling, and crouching, but less than occasional crawling.  The claimant should also avoid concentrated exposure to vibration and hazards.  The claimant can perform simple, routine tasks with no public contact.  He is capable of only occasional contact with coworkers that does not require teamwork.  The claimant is further limited to less than occasional changes in work tasks within a week.

   The claimant is unable to perform any past relevant work.  However, considering his age, education, work experience, and RFC, there are

        jobs that exist in significant numbers in the national economy that he can perform. Therefore, the claimant has not been disabled since March 3, 2009, the date the application was filed.

Appeals Council: Did not assume jurisdiction

## III. PROCEDURAL HISTORY—THIS COURT

Jurisdiction based upon: 42 U.S.C. § 405(g)

Brief on Merits Submitted by (X) Plaintiff   (X) Commissioner

## IV. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the Court may set aside the Commissioner's denial of Social Security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *See Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Id*.

## V. EVALUATING DISABILITY

The claimant, Tracey K. Randall ("Randall"), bears the burden of proving that he is disabled within the meaning of the Social Security Act ("Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(3)(A). A claimant is disabled under the Act only if his impairments are of such severity that he is unable to do his previous work, and cannot, considering his age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. § 416.920. The claimant bears the burden of proof during steps one through four. *Valentine v. Comm'r, Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009). At step five, the burden shifts to the Commissioner. *Id*.

## VI. ISSUES ON APPEAL

1. Did the ALJ *de facto* reopen the final determination in Randall's prior application for benefits?
2. Did the ALJ err in assessing the medical evidence in the record?
3. Did the ALJ err in assessing Randall's testimony?
4. Did the ALJ err in assessing the lay witness testimony?

5.   Did the ALJ err in determining that Randall could perform other work at step five?

## VII. DISCUSSION

Randall appeals the Commissioner's decision denying him disability benefits, arguing that the ALJ committed several errors requiring reversal. Dkt. 15. The Court addresses the alleged errors in turn.

**A.   Reopening of Prior Determination**

Randall argues that the ALJ *de facto* reopened a final determination in Randall's prior application for benefits because the ALJ discussed evidence from the time period prior to Randall's current application for benefits. *See* Dkt. 15 at 3. However, Randall fails to identify any place in the ALJ's decision where the ALJ specifically considered on the merits whether Randall was disabled during a previously adjudicated period. *See id*. The ALJ states throughout the decision that she found Randall not to be disabled as of March 3, 2009, the application date. *See* AR 961-80. The ALJ's evaluation of any evidence from outside the revelant period ultimately supported the ALJ's ultimate finding that Randall was not disabled as of the application date. *See id*; *see also Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008) (noting that medical opinions that predate the alleged onset of disability are of limited relevance). The Court finds that the ALJ did not *de facto* reopen any prior determination.

**B.   Medical Evidence**

Randall argues that the ALJ erred in evaluating the medical evidence in the record. *See* Dkt. 15 at 3-14. The ALJ is responsible for determining credibility and resolving

ORDER - 5

ambiguities and conflicts in the medical evidence. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998).  In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." *Id*. at 725.  The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id*.

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996).  Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id*. at 830-31.

**1.     Terilee Wingate, Ph.D.**

Randall argues that the ALJ erred by failing to give a specific and legitimate reason supported by substantial evidence to discount the opinion of examining psychologist Terilee Wingate, Ph.D.  *See* Dkt. 15 at 8-11.  The Court disagrees.

Dr. Wingate examined Randall in May of 2009 and November of 2010 and opined that Randall was markedly limited in his ability to interact appropriately in public contacts, respond appropriately to and tolerate the pressures and expectations of a normal work setting, and control physical or motor movements and maintain appropriate behavior.  *See* AR 696, 874-75.  Dr. Wingate also opined that Randall had several other moderate cognitive and social limitations.  *See id*.  The ALJ discounted Dr. Wingate's opinions because, among other reasons, the marked limitations were contradicted by Randall's activities.  *See* AR 976-77.

An ALJ may reject a physician's opinion when other evidence of the claimant's ability to function, including reported activities of daily living, contradicts that opinion. *See Morgan v. Comm'r, Soc. Sec. Admin.*, 169 F.3d 595, 601-02 (9th Cir. 1999); *Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (finding an ALJ need not accept physician's opinion that is inadequately supported "by the record as a whole"). Here, Randall reported living with roommates, regularly going shopping, attending college classes for a year and a half, and working part-time at a pizza shop as a shift manager, where he reported having friends. *See* AR 874, 994, 997, 1009-10. Therefore, substantial evidence supports the ALJ discounting the marked social limitations to which Dr. Wingate opined because they were contradicted by Randall's activities.

Randall also argues that the ALJ erred by failing to discuss Dr. Wingate's April 2008 opinion. *See* Dkt. 15 at 10. However, an ALJ "must use judgment based on the facts of each case in determining whether, and the extent to which, it is necessary to address separately each medical opinion from a single source." Social Security Ruling ("SSR") 96-2p, 1996 WL 374188 at *2. Here, Dr. Wingate's April 2008 opinion is entirely consistent with her May 2009 opinion. *See* AR 340, 696. Accordingly, the same reasons the ALJ gave for discounting Dr. Wingate's May 2009 opinion could be applied to the April 2008 opinion. Therefore, the ALJ did not err by discussing only the more recent opinion.

**2.     Carla van Dam, Ph.D.**

Randall argues that the ALJ erred by giving significant weight to the opinion of Carla van Dam, Ph.D., when Dr. van Dam had a possible conflict of interest. *See* Dkt. 15 at 11-12. The Court disagrees.

Randall cites 20 C.F.R. § 416.919q as evidence that Dr. van Dam had a possible conflict of interest by being simultaneously employed as both a case consultant and a consultative examiner. *See id*. However, the regulation provides that a consultant shall not work on a claimant's case when that consultant previously examined the claimant and therefore has prior knowledge of the claimant's case. *See* 20 C.F.R. § 416.919q. Here, the Court agrees with the ALJ that Dr. van Dam's work as a psychological consultant for Disability Determination Services does not conflict with her work as a consultative examiner in this case because it is undisputed that she acted in this case only in her capacity as a consultative examiner and did not serve in both capacities. *See* AR 975. Therefore, the ALJ did not err in finding no relevant conflict of interest in Dr. van Dam's opinion.

**3.     Tasmyn Bowes, Psy.D.**

Randall argues that the ALJ erred by failing to address the October 2011 opinion of examining psychologist Tasmyn Bowes, Psy.D. *See* Dkt. 15 at 12-13. The Court agrees.

Dr. Bowes examined Randall in October of 2011 and opined that Randall had several marked cognitive and social limitations. *See* AR 951. The ALJ gave significant weight to Dr. Bowes's April 2010 opinion that Randall had only mild to moderate

functional limitations. *See* AR 976. However, the ALJ failed to discuss Dr. Bowes's more recent opinion, which is inconsistent with the earlier opinion, in her evaluation of the medical opinion evidence. *See* AR 974-77. An ALJ must explain why "significant probative evidence has been rejected." *Vincent on Behalf of Vincent v. Heckler*, 739 F.3d 1393, 1394-95 (9th Cir. 1984). An ALJ errs when she "completely ignores or neglects to mention [an examining] physician's medical opinion that is relevant to the medical evidence being discussed." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1045 (9th Cir. 2007).

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citing *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). The Ninth Circuit noted that "in each case we look at the record as a whole to determine [if] the error alters the outcome of the case." *Id*. The Ninth Circuit has "adhered to the general principle that an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.'" *Id*. (quoting *Carmickle*, 533 F.3d at 1162) (other citations omitted). The Ninth Circuit noted the necessity to follow the rule that courts must review cases "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Id*. at 1118 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

The Commissioner argues that any error in failing to discuss the opinion is harmless because the opinion is contradicted by other parts of the record. *See* Dkt. 16 at 11. However, the Court may not make this *post hoc* argument for the ALJ. *See Pinto v. Massanari*, 249 F.3d 840, 847 (9th Cir. 2001) (Court "cannot affirm the decision of an

agency on a ground that the agency did not invoke in making its decision"); *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) (error to affirm ALJ's decision based on evidence ALJ did not discuss). Had the ALJ addressed and credited Dr. Bowes's opinion, the RFC would have included additional limitations, as would the hypothetical questions posed to the vocational expert. As the ALJ's ultimate determination regarding disability was based on the testimony of the vocational expert on the basis of an improper hypothetical question, this error affected the ultimate disability determination and is not harmless.

Randall also argues that the ALJ erred by failing to include all of the moderate limitations to which Dr. Bowes opined in April of 2010 into the RFC. *See* Dkt. 15 at 13. Because the ALJ must evaluate Dr. Bowes's October 2011 opinion on remand, the ALJ should also re-evaluate the weight given to Dr. Bowes's April 2010 opinion and assess Randall's RFC accordingly.

**4.     State Agency Medical Consultants**

Randall argues that the ALJ erred by giving too much weight to the opinions of state agency medical consultants Guthrie Turner, M.D., Robert Bernandez-Fu, M.D., Gerald Peterson, Ph.D., and Anita Peterson, Ph.D. *See* Dkt. 15 at 8, 13-14. The Court disagrees.

A state agency medical consultant is a "highly qualified" physician with expertise in evaluating "medical issues in disability claims." *See* SSR 96-6p, 1996 WL 374180 at \*2. An ALJ must explain the weight given to the opinions in her decision. *See id*. Here, the ALJ gave the consultants' opinions significant weight because they were consistent

with the objective medical evidence and other medical opinions in the record.  *See* AR 974, 976.

Randall argues that the ALJ erred by giving significant weight to the opinions because the consultants did not review any evidence beyond 2010.  *See* Dkt. 15 at 8, 13-14.  However, that other medical evidence was produced after the date of the consultants' opinions does not alone render them stale.  Instead, the ALJ must evaluate their consistency with the entire record, including any evidence produced after the consultants' opinions were issued.  *See* SSR 96-6p at *2.  Therefore, the ALJ did not err by giving the consulants' opinions significant weight simply because evidence was produced after their opinions were issued.

**5.  Global Assessment of Functioning Scores**

Randall argues that the ALJ erred in evaluating his Global Assessment of Functioning ("GAF") scores from several medical providers.  *See* Dkt. 15 at 13.  The Court finds no harmful error.

"A GAF score is a rough estimate of an individual's psychological, social, and occupational functioning used to reflect the individual's need for treatment."  *Vargas v. Lambert*, 159 F.3d 1161, 1164 n.2 (9th Cir. 1998).  It is "relevant evidence" of a claimant's ability to function and therefore "may be a useful measurement."  *Garrison v. Colvin*, 759 F.3d 995, 1002 n. 4 (9th Cir. 2014); *England v. Astrue*, 490 F.3d 1017, 1023, n.8 (8th Cir. 2007).  However, while a GAF score may be "of considerable help" to an ALJ in assessing a claimant's RFC, "it is not essential" to the accuracy thereof.  *Howard v. Comm'r, Soc. Sec. Admin.*, 276 F.3d 235, 241 (6th Cir. 2002).  Accordingly, an ALJ's

1  failure to reference or specifically account for a GAF score in assessing a claimant's RFC
2  does not by itself make the RFC assessment inaccurate. *See id.*

3    Here, Randall fails to establish any way in which the RFC is deficient as a result
4  of giving little weight to the GAF scores. *See* Dkt. 15 at 13. The ALJ included social
5  limitations in Randall's RFC due to mental health impairments. *See* AR 967. Randall
6  points to no evidence that any GAF score in the record would demand further specific
7  limitations that are definitively missing from the RFC. Therefore, Randall has not met
8  his burden of showing harmful error. *See Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th
9  Cir. 2012).

10   **6. Other Medical Evidence**

11   Randall describes in detail the findings of 16 other medical providers, arguing
12 only that these findings support Randall's testimony. *See* Dkt. 15 at 3-7. As discussed in
13 detail below, the ALJ did not err in discounting Randall's testimony. *See infra* § VII.C.

14   Randall also argues the ALJ erred by "failing to acknowledge" that the findings of
15 Bill Wilson, MHP, were consistent with the opinions of the examining psychologists.
16 *See* Dkt. 15 at 13. However, an ALJ is not required to discuss every clinical finding into
17 her decision. *See Vincent*, 739 F.3d at 1394-95. Here, the ALJ sufficiently summarized
18 the facts and conflicting clinical evidence in evaluating the medical opinion evidence.
19 *See* AR 974-78.

20   Finally, Randall argues that the ALJ erred by failing to find that Randall's seizure
21 disorder was a severe impairment at step two. *See* Dkt. 15 at 7-8. The ALJ stated that
22 the effects from Randall's seizure disorder and medication side effects were nevertheless

1  "taken into account in the determination of his [RFC] assessment." *See* AR 965. Randall
2  argues without any further detail that the ALJ's statement is untrue. *See* Dkt. 15 at 7-8.
3  The Court will not address this incomplete argument. *See Kim v. Kang*, 154 F.3d 996,
4  1000 (9th Cir. 1998) (stating that matters on appeal not specifically and distinctly argued
5  in opening brief ordinarily will not be considered).

6  **C.     Randall's Testimony**

7  Randall argues that the ALJ erred in evaluating his testimony. *See* Dkt. 14 at 14-
8  17. The Court disagrees.

9  Questions of credibility are solely within the control of the ALJ. *See Sample v.*
10 *Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). The Court should not "second-guess" this
11 credibility determination. *Allen v. Heckler*, 749 F.2d 577, 580 (9th Cir. 1984). Unless
12 affirmative evidence shows the claimant is malingering, an ALJ's reasons for rejecting
13 the claimant's testimony must be "clear and convincing." *Lester*, 81 F.2d at 834.
14 However, an ALJ may dismiss a claimant's subjective complaints when there is
15 affirmative evidence of malingering. *See Valentine*, 574 F.3d at 693.
16 Here, the ALJ discounted Randall's testimony because, among other reasons,
17 Randall's activities were inconsistent with the severity of the symptoms he alleged. *See*
18 AR 973. The Ninth Circuit has recognized that a claimant's daily activities may form the
19 basis of an adverse credibility determination when they contradict his other testimony.
20 *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). Here, Randall alleged that his chronic
21 pain and headaches severely limited his ability to sit and stand for extended periods,
22 stating that he needed to lie down for at least two hours once or twice a day. *See* AR

1  1019, 1023.  Randall also alleged that his impairments caused mental issues such as

2  memory loss and having angry outbursts.  *See* AR 1003, 1006, 1011.  However, Randall

3  reported completing household chores and yardwork, running errands, driving, attending

4  college classes for a year and a half, and working part-time at a pizza shop as a shift

5  manager.  *See* AR 283-84, 995, 997, 1009-10.  The ALJ reasonably found that these

6  activities reflected that Randall was not as functionally limited as he alleged.  *See* AR

7  973.  Therefore, the ALJ provided a clear and convincing reason supported by substantial

8  evidence for discounting the severity of Randall's subjective complaints and did not err

9  here.

10 **D.    Lay Witness Evidence**

11         Randall argues that the ALJ erred in evaluating the lay witness testimony of his

12 former partner Julie Wilson.  *See* Dkt. 15 at 17-18.  The Court disagrees.

13         "In determining whether a claimant is disabled, an ALJ must consider lay witness

14 testimony concerning a claimant's ability to work."  *Stout*, 454 F.3d at 1053.  If an ALJ

15 disregards the testimony of a lay witness, the ALJ must provide reasons "that are

16 germane to each witness."  *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996).

17         Here, the ALJ discounted Ms. Wilson's testimony because it reiterated Randall's

18 testimony, which was inconsistent with his activities.  *See* AR 978.  When a claimant's

19 testimony has been properly rejected, lay witness testimony that is similar thereto may be

20 rejected for the same reasons used to reject the claimant's testimony.  *See Valentine*, 574

21 F.3d at 694; *Molina*, 674 F.3d at 1114.  Ms. Wilson testified to Randall's chronic pain

22 and memory and emotional problems being of similar severity as that to which Randall

testified. *See* AR 240-46. Therefore, the ALJ provided a germane reason supported by substantial evidence to discount Ms. Wilson's testimony.

**E.     RFC and Step-Five Finding**

Randall argues that the ALJ's RFC assessment and step-five finding are not supported by substantial evidence due to the aforementioned errors. *See* Dkt. 15 at 18-19. As discussed above, because the ALJ erred in assessing the medical evidence, the RFC analysis was not complete, and the ALJ's step-five determination is not supported by substantial evidence and is in error.

The Court may remand this case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." *Id.*

Benefits may be awarded when "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292; *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it

is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002).  Here, issues still remain regarding conflicts in the medical evidence over Randall's functional capabilities and his ability to perform work despite any additional functional limitations.  Accordingly, remand for further consideration is warranted in this case.

## VIII. ORDER

Therefore, it is hereby **ORDERED** that the Commissioner's final decision denying Randall disability benefits is **REVERSED AND REMANDED**.

Dated this 27th day of March, 2017.

BENJAMIN H. SETTLE
United States District Judge