UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TRACEY K. RANDALL,

    Plaintiff,

 v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

    Defendant.

CASE NO. C16-5578 BHS

ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES

## I. INTRODUCTION

This matter comes before the Court on the motion by Tracey K. Randall ("Randall") for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). Dkt. 21. The Commissioner of the Social Security Administration ("Commissioner") challenges only the amount of Randall's requested fees on the grounds that the amount is unreasonable under the particular facts of this case. *See* Dkt. 23. The Court finds the fees reasonable and **GRANTS** Randall's motion for statutory fees.

## II. BACKGROUND

On March 27, 2017, this Court issued an order reversing and remanding the Commissioner's decision to deny benefits for further administrative proceedings. *See*

Dkt. 18. The Court found that (1) the ALJ erred in evaluating the opinion of examining psychologist Tasmyn Bowes, Psy.D., and (2) the error was harmful because the resulting residual functional capacity and step-five finding that Randall could perform work available in the national economy were not supported by substantial evidence. *See id*. at 8-10, 15. The Court reversed the Commissioner's decision pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings due to the harmful error. *See id*. at 16.

### III. DISCUSSION

In any action brought by or against the United States, the EAJA requires that "a court shall award to a prevailing party other than the United States fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Randall was the prevailing party because the Court reversed and remanded the Commissioner's decision to deny benefits for further administrative proceedings. *See* Dkt. 18. The Commissioner does not argue that the position of the United States was substantially justified or that circumstances make an award unjust. *See* Dkt. 23. Therefore, Randall is entitled to EAJA fees. Randall's counsel requests $8,468.90 in attorney's fees and $5.81 in expenses. *See* Dkt. 21. The Commissioner objects, however, to the amount of fees requested by Randall. *See* Dkt. 23.

According to the United States Supreme Court, "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The Court has an

independent duty to review the submitted itemized log of hours to determine the reasonableness of hours requested in each case. *See id*. at 433, 436-37. Once the Court determines that a plaintiff is entitled to a reasonable fee, "the amount of the fee, of course, must be determined on the facts of each case." *Id*. at 429, 433 n.7. "[T]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id*. at 433.

Here, Randall prevailed on the single claim of whether or not the denial of his social security application was based on substantial evidence in the record as a whole and not based on harmful legal error. When the case involves a "common core of facts or will be based on related legal theories . . . the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *See id*. at 435. The Supreme Court concluded that where a plaintiff "has obtained excellent results, his attorney should recover a fully compensatory fee." *Id*. The Court concludes based on a review of the relevant evidence that Randall here obtained excellent results. Therefore, the Court looks to "the hours reasonably expended on the litigation," which, when combined with the reasonable hourly rate, encompass the lodestar. *See id*.

On this issue, the Government contends that the hours expended on the opening brief were unreasonable. Dkt. 23 at 2. Although two lawyers worked on the opening brief, that alone does not warrant the conclusion that there is necessarily a duplication of services. Duplication of tasks can occur when two lawyers must expend time to review

the record as a whole in order to provide effective advocacy. Based on the undersigned's prior experience, the majority of Social Security Appeals require the services of only one lawyer. In the uncommon case when an appellant is represented by more than one lawyer, the better practice would be to voluntarily discount some hours for duplicate tasks because this is not complex litigation. For example, the lead attorney should review co-counsel's time records and then demonstrate to the presiding court that some discount was included for time spent by the second lawyer in reviewing the record and becoming familiar with the facts and legal issues in the case. In future cases involving more than one lawyer the Court will expect to see such adjustments in the time records submitted to the Court consistent with these principles.

However, the Court will not reduce the fees requested in this matter because, taking the record as a whole, the Court finds the requested fees are within the range of reasonableness – albeit in the higher end of that range.

## IV. CONCLUSION

It is hereby **ORDERED** that Randall's motion for fees and costs is **GRANTED**. Randall is awarded $8,815.72 in attorney's fees[1] and $5.81 in expenses pursuant to the EAJA and consistent with *Astrue v. Ratliff*, 130 S. Ct. 2521, 2524 (2010). Randall's award is subject to any offset allowed pursuant to the Department of Treasury's Offset

---

[1] This amount includes additional attorney's fees requested for 1.8 hours spent replying to the Commissioner's objection to Randall's motion for attorney's fees. *See Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 163-66 (1990).

Program.  *See id*. at 2528.  The check for EAJA fees shall be mailed to Randall's counsel: Eitan Kassel Yanich, PLLC, 203 Fourth Avenue E., Suite 321, Olympia, WA 98501.

Dated this 14th day of August, 2017.

BENJAMIN H. SETTLE
United States District Judge